**PELTON & ASSOCIATES PC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EVARISTO ATRIANO and AGUSTIN ATRIANO, Individually and on Behalf of All Others Similarly Situated, <br><br>                               Plaintiffs, <br><br> -against- <br><br> BAY RIDGE RESTAURANT LTD. d/b/a TRACE RESTAURANT, GEORGE KABBEZ and ROBERT FADEL, Jointly and Severally, <br><br>                               Defendants. | <u>**CLASS & COLLECTIVE ACTION COMPLAINT**</u> <br><br> **Jury Trial Demanded** |

Plaintiffs Evaristo Atriano and Agustin Atriano (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

<u>**NATURE OF THE ACTION**</u>

1.     Plaintiffs are former cooks at Defendants' Mexican restaurant and lounge located in the Bay Ridge neighborhood of Brooklyn, New York. Defendants required Plaintiffs to work long hours yet they were not paid overtime premium pay for hours worked over 40 in a given workweek.

2. Plaintiffs bring this action to recover unpaid overtime premium pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiffs also bring claims for unpaid spread-of-hours premiums, for failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

3. Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees of Defendants and their NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all hourly employees working for Defendants in New York.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

7. Plaintiffs Evaristo Atriano ("E. Atriano") and Agustin Atriano ("A. Atriano") were, at all relevant times, adult individuals residing in Kings County, New York.

8. Throughout the relevant time period, Plaintiffs performed work for Defendants at Trace Restaurant, located at 8814 Third Avenue, Brooklyn, New York 11209.

9. Plaintiffs consent in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b), and their consent forms are attached hereto.

**Defendants:**

10. Upon information and belief, Bay Ridge Restaurant Ltd. d/b/a Trace Restaurant ("Trace Restaurant" or the "Corporate Defendant") is an active New York Corporation with its principal place of business at 8814 Third Avenue, Brooklyn, New York 11209.

11. Defendant George Kabbez ("Kabbez") is an owner and operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein. Throughout the relevant time period, upon information and belief, Kabbez was in charge of determining the Corporate Defendant's policies with respect to payroll, and otherwise running the business of the Corporate Defendant.

12. Defendant Robert Fadel ("Fadel" and together with Kabbez, the "Individual Defendants" and, collectively with the Corporate Defendant, the "Defendants") is an owner and operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein. Throughout the relevant time period, upon information and belief, Fadel, in conjunction with Kabbez, was in charge of determining the Corporate Defendant's policies with respect to payroll, and otherwise running the business of the Corporate Defendant.

13. The Individual Defendants participated in the day-to-day operations of the Corporate Defendant and acted intentionally in their direction and control of Plaintiffs and the Corporate Defendant's other similarly situated employees, and are an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is jointly and severally liable with the Corporate

Defendants.

14. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

15. At all relevant times, Plaintiffs, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

16. Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

17. At all relevant times, the Corporate Defendant has used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

## COLLECTIVE ACTION ALLEGATIONS

18. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiffs bring their First Cause of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since February 10, 2012 and through the entry of judgment in this case (the "Collective Action Period") who worked as cooks and all other hourly employees (the "Collective Action Members").

19. A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay wages for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of this policy, Plaintiffs

4

and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of forty (40) hours per week.

20. Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ALLEGATIONS

21. Pursuant to the NYLL, Plaintiffs bring their Second through Fifth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendants in New York at any time since February 10, 2009 and through the entry of judgment in this case (the "Class Period") who worked as cooks and all other hourly employees (the "Class Members").

22. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

23. The Class Members are so numerous that joinder of all members is impracticable.

24. Upon information and belief, there are in excess of one forty (40) Class Members.

25. There are questions of law and fact common to the claims of Plaintiffs and the claims of the Class. Such common questions will determine Defendants' liability to all (or nearly all) Class Members. These common questions include whether Defendants had a corporate policy of: failing to pay wages for all hours worked; failing to pay overtime premiums when employees worked in excess of forty (40) hours per week; failing to pay spread-of-hours premiums for days in which employees worked in excess of ten (10) hours or split shifts; failing

5

to provide proper wage statements; and failing to provide proper wage notices. The answer to these questions would drive resolution of the litigation. If a judge and/or jury agrees with Plaintiffs on these issues, Defendants would be liable to all Class Members for their NYLL wage and hour violations.

26. <u>Plaintiffs' claims are typical of the Class Members' claims</u>. Plaintiffs, like all Class Members, are restaurant employees of Defendants who work for Defendants pursuant to their corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, were not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, did not receive proper wage statements and wage notices. If Defendants are liable to Plaintiffs for the claims enumerated in this Complaint, they are also liable to all Class Members.

27. <u>Plaintiffs and their Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

28. Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

29. <u>The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class</u>. These common questions include, but are not limited to:

    a. whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

    b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

    c. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members

6

wages for all hours worked;

d. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

e. whether Defendants failed to pay Plaintiffs and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts;

f. whether Defendants failed to provide Plaintiffs and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

g. whether Defendants failed to provide proper wage notice to Plaintiffs and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

h. whether Defendants' failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

i. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

30. <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

31. Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The individual members of the Class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Restaurant**

32. At all relevant times, Defendants have been in the food service business. Upon information and belief, Defendants have owned, operated, and managed Trace Restaurant since it opened in the fall of 2008.

33. According to Defendants' website, Trace is a Mexican Restaurant and Lounge open for dinner 7 days a week. (www.traceny.com)

34. Upon information and belief, Defendant Kabbez is a constant presence in the restaurant and takes an active role in ensuring that the restaurant is run in accordance with his procedures and policies. To that end, Defendant Kabbez maintains an office on the second floor of Trace Restaurant where he is in charge of hiring and firing employees and handling the employee payroll.

35. Upon information and belief, Defendant Fadel was frequently present at Trace towards the beginning of the Class Period, during which period he was overseeing and supervising the kitchen employees.

36. In addition to Trace Restaurant, upon information and belief, the Individual Defendants are also owners and operators of Salty Dog Restaurant in Bay Ridge, Brooklyn.

**Plaintiffs' Work for Defendants**

37. Plaintiff E. Atriano was employed by Defendants as a cook at Trace Restaurant from on or about October 15, 2008 through on or about July 8, 2012 (the "E. Atriano Employment Period").

38. Throughout the E. Atriano Employment Period, E. Atriano was scheduled to work six (6) days per week, typically with Mondays off. E. Atriano's schedule was as follows:

Tuesday through Thursday, from 11:00 am until 11:30 pm; Friday from 12:00 pm until 12:30 am; Saturday from 10:00 am until 12:30 pm; and Sunday from 10:00 am until 11:30 pm. In total, Plaintiff E. Atriano typically worked approximately seventy-seven (77) hours per week.

39. For his work, from the beginning of the E. Atriano Employment Period until in or around May 2009, E. Atriano was paid approximately $9.00 per hour for all hours worked. From in or around May 2009 through in or around mid-August 2010, E. Atriano was paid approximately $10.00 per hour. Finally, from mid-August 2010 through the end of the E. Atriano Employment Period, E. Atriano was paid approximately $12.00 per hour.

40. Although E. Atriano always worked in excess of forty (40) hours per week, he never received overtime premium pay for the hours he worked in excess of forty (40) hours in a given workweek.

41. <u>Plaintiff A. Atriano</u> was employed by Defendants as a cook at Trace Restaurant from on or about October 15, 2008 through on or about July 8, 2012 (the "A. Atriano Employment Period").

42. Throughout the A. Atriano Employment Period, A. Atriano was scheduled to work six (6) days per week, typically with Wednesdays off. A. Atriano's schedule was as follows: Mondays, from 12:00 pm until 11:30 pm; Tuesdays from 1:00 pm until 11:30 pm; Thursday from 2:00 pm until 11:30 pm; Friday from 10:30 am until 12:30 am; Saturday from 10:30 am until 12:30am; and Sunday from 11:00 am until 11:30 pm. In total, Plaintiff A. Atriano typically worked approximately seventy-two (72) hours per week.

43. For his work, throughout the A. Atriano Employment Period, A. Atriano was paid approximately $9.50 per hour.

44. Although A. Atriano always worked in excess of forty (40) hours per week, he

9

never received overtime premium pay for the hours he worked in excess of forty (40) hours in a given workweek.

45. Throughout their respective employment periods, Plaintiffs were paid their wages entirely in cash each Thursday. With their wage payment, Plaintiffs were never provided a wage statement indicating the amount of hours they each worked during the week, their regular wage rate, and/or their overtime rate.

**Defendants' Unlawful Corporate Policies**

46. Defendants did not maintain any formal timekeeping system in order to accurately record the number of hours that Plaintiffs and the putative Class Members worked each week. As such, Plaintiffs were never paid: minimum wages for all of the hours they worked, overtime premiums for hours worked in excess of forty (40) in a given week, and spread of hour payments for days in which they worked more than ten (10) hours.

47. Notwithstanding that Plaintiffs and other Class Members frequently worked more than ten (10) hours in a given day, Defendants failed to pay them spread of hours premiums equal to an additional hour of minimum wage for each day working in excess of ten (10) in a given day. Defendants' failure to pay Plaintiffs and Class Members spread of hours premiums was a corporate policy that applied to all of Defendants' employees working shifts of more than ten hours in one day and/or split shifts.

48. Notwithstanding that Plaintiffs and other Class Members frequently worked shifts of more than ten (10) hours, Plaintiffs and Class Members were not permitted to take a full 30-minute uninterrupted lunch break each day. Instead, Plaintiffs would simply take a short five to ten (5-10) minute break and/or would typically eat their lunch while they were working.

49. Plaintiffs have spoken with other employees of Defendants, who similarly worked

in excess of forty (40) hours per week during the Class Period and were similarly paid below their regular rate for hours worked over forty (40). Defendants' failure to pay Plaintiffs and Class Members overtime compensation of one and one-half (1.5) times their regular hourly rate for hours over forty (40) each week was a corporate policy of Defendants, which applied to all of their hourly employees throughout the relevant period.

50. Defendants did not provide Plaintiffs or Class Members with proper wage notices at the time of hire or by February 1 of each year.

51. Plaintiffs and the Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay overtime premiums and spread of hours premiums.

52. Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiffs in positions that require little skill and no capital investment. Upon information and belief, such individuals were not paid time and one-half when working in excess of forty (40) hours per week. Additionally, such individuals were not provided spread of hours premiums while working shifts in excess of ten (10) hours, nor were they provided with proper wage statements with their weekly wage payments nor proper wage notices at hiring, by February 1 of each year, or on a weekly basis.

53. As stated, the exact number of such similarly situated individuals is presently unknown but is believed to be well in excess of forty (40) individuals and can be ascertained through appropriate discovery.

54. Upon information and belief, throughout the Class Period and continuing until today, defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**

55. Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

56. By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

57. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58. Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**

59. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

60. Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of

12

pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

61. Defendants' failure to pay overtime premium compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS

62. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

63. Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

64. Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE

65. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

66. Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiffs and the Class Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

67. Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## FIFTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENT

68. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69. Defendants have willfully failed to supply Plaintiffs and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

70. Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.  An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i.  Fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of of twenty-five hundred dollars ($2,500) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b.

j.  One hundred dollars ($100) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of twenty-five hundred dollars per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

k.  An award of prejudgment and post-judgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       February 10, 2015

PELTON & ASSOCIATES PC

By: /s/ Brent E. Pelton
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiffs, the FLSA Collective and Class*

January 30, 2015
Page 7

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las normas laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Bay Ridge Restaurant Ltd. d/b/a Trace Lounge Restaurant y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en como debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton & Associates PC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

x _____        2-2-15        Evaristo Atriano Cuapio
         Firma                   Fecha                Nombre Escrito

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las normas laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Bay Ridge Restaurant Ltd. d/b/a Trace Lounge Restaurant y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en como debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton & Associates PC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

| _____ | 1-30-2015 | Agustin Atriano Guapeo |
|---|---|---|
| Firma | Fecha | Nombre Escrito |